UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCISCO ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM HUTCHINGS, et al.,<br><br>Respondents. | Case No. 2:20-cv-01894-KJD-VCF<br><br>ORDER |

Respondents have moved to dismiss certain claims in Francisco Alvarez's pro se 28 U.S.C. § 2254 habeas corpus petition as duplicative (ECF No. 9). Alvarez opposed the motion and requested the appointment of counsel for the second time (ECF Nos. 25, 27). As discussed below, the court declines to appoint counsel, and the motion to dismiss is granted.

**I.      Background and Procedural History**

In July 2015, a jury convicted Alvarez of 18 counts of burglary, robbery, and conspiracy in connection with armed robberies of six Las Vegas convenience stores (exhibit 29).[1] The state district court sentenced him to an aggregate of 12 to 32 years. Exh. 33. Judgment of conviction was entered on September 30, 2015. Exh. 34.

The Nevada Court of Appeals affirmed his convictions in April 2016. Exh. 46. The state district court conducted an evidentiary hearing on Alvarez's state postconviction

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-19.

1

habeas corpus petition and subsequently denied the petition. Exhs. 68, 76. The Nevada Court of Appeals affirmed the denial of the petition in July 2020. Exh. 91.

Alvarez dispatched his federal petition for mailing in October 2020 (ECF No. 6).

## II. Second Motion for Appointment of Counsel

Considering the request for counsel, as the court has explained before in this case, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  Here, Alvarez first submitted a form motion for appointment of counsel in October 2020 (*see* ECF No. 1-2). The court denied the motion because Alvarez's petition presents his claims in a reasonably clear manner, and the legal issues do not appear to be particularly complex.  Now, in his opposition to the motion to dismiss he also again requests counsel (ECF Nos. 25, 27). He states that he lacks knowledge of the U.S. legal system, and for the first time he asserts that he cannot read English. Respondents acknowledge that the state-court record reflects that Alvarez had an interpreter at trial. However, the court remains unpersuaded that counsel is warranted. There is no indication that Alvarez had assistance in preparing his opposition/motion for counsel. More importantly, the petition, which incorporates his counseled brief on appeal of the denial of his state postconviction habeas petition, clearly presents his claims. Alvarez's motion is denied.

### III. Respondents' Motion to Dismiss

Next, respondents have moved to dismiss grounds 1 and 2 of the federal petition as duplicative of ground 3 (ECF No. 9). Alvarez wrote out grounds 1 and 2 on the court's form (ECF No. 6, pp. 3-11). For ground 3, he attached his counseled brief on appeal of the denial of his state postconviction habeas petition. *Id*. at 12-52; *see also* exh. 85, pp. 24-60.

In the motion to dismiss, respondents provide a detailed comparison in chart form that illustrates that ground 3 raises all the claims that Alvarez sets forth in grounds 1 and 2, just in more detail (ECF No. 9, pp. 9-11). In his opposition, Alvarez argues that grounds 1 and 2 are claims of ineffective assistance of counsel, and ground 3 asserts claims of trial court error (ECF No. 25, p. 2). However, ground 3 merely rephrases the ineffective assistance of counsel claims contained in grounds 1 and 2. For example, in ground 1 Alvarez argues that defense counsel was ineffective for failing to rebut the in-court identification and failure to challenge fingerprint evidence (ECF No. 6, p. 3). In ground 3, this claim is set forth as "the district court abused its discretion by holding defense counsel was not ineffective . . . for failing to rebut the in-court identification . . . and failing to challenge the fingerprint evidence." *Id*. at 37-46. This is the same claim, and the Nevada Court of Appeals analyzed the claim as one of ineffective assistance of counsel. Exh. 91.

Accordingly, respondents' motion to dismiss grounds 1 and 2 as duplicative of ground 3 is granted.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED**. Grounds 1 and 2 are dismissed as duplicative of ground 3.

**IT IS FURTHER ORDERED** that petitioner's second motion for appointment of counsel (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents have **90 days** from the date this order is entered within which to file an answer to the remaining claim in the petition.

**IT IS FURTHER ORDERED** that petitioner has **60 days** following service of respondents' answer in which to file a reply.

DATED: 20 January 2022.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE